IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James D. THIBODEAU, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant,

v.

James D. THIBODEAU, Respondent.

Supreme Court

*No. 2007AP768–D. Decided September 18, 2007.*

2007 WI 118

(Also reported in 738 N.W.2d 558.)

¶ 1. PER CURIAM. We review the stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney James D. Thibodeau pursuant to SCR 22.12[1] wherein Attorney Thibodeau admits to the facts and professional misconduct involving his trust account as alleged by the OLR in its complaint. Attorney Thibodeau also assents to the level of discipline sought by the OLR director, a 60–day suspension of his license to practice law in Wisconsin.

¶ 2. We adopt the stipulated facts and conclusions of law. We agree that Attorney Thibodeau's misconduct warrants the suspension of his license to practice law for a period of 60 days. The OLR has stated that it does not seek to impose the costs of this proceeding upon Attorney Thibodeau and we accede to that recommendation.

¶ 3. Attorney Thibodeau was admitted to practice law in Wisconsin in 1984 and practices in LaCrosse. He has no prior disciplinary history.

¶ 4. The Wisconsin Department of Revenue filed tax warrants against Attorney Thibodeau in 1999, 2001, and 2004. Two of the tax warrants had not been

---

[1] SCR 22.12 provides in relevant part that "(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee."

satisfied as of April 8, 2005. On February 25, 2005, Attorney Thibodeau deposited a $10,000 check to his trust account. On April 8, 2005, he deposited a $9,113.75 check to his trust account. Each of these checks represented funds belonging to Attorney Thibodeau from lumber sales. Both Attorney Thibodeau's business and personal accounts had previously been garnished for taxes. He deposited these two lumber checks into his trust account in an attempt to avoid seizure of his funds by tax authorities.

¶ 5. On August 5, 2005, Attorney Thibodeau deposited a $2000 check to his trust account, which constituted a payment of attorney fees owed by an estate. Between January 1, 2005, and August 17, 2005, Attorney Thibodeau was holding less funds in trust than he should have been holding, relating to various clients and WisTAF interest. During that time he also deposited personal funds into his trust account and gave a client a trust account check largely comprised of Attorney Thibodeau's personal funds. Between January 17, 2005, and August 22, 2005, Attorney Thibodeau made 13 transfers from his trust account via telephone. He failed to maintain a transaction register for his trust account and failed to maintain individual client ledgers. He also inaccurately certified to the State Bar of Wisconsin that he had complied with the trust account record keeping requirements.

¶ 6. On April 4, 2007, the OLR filed a nine count disciplinary complaint against Attorney Thibodeau. On July 2, 2007, the parties filed a stipulation whereby Attorney Thibodeau stipulated to the following counts of misconduct:

- Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of former

23

SCR 20:8.4(c)[2] by holding personal funds in his trust account in order to avoid the seizure of those funds by tax authorities.

- Depositing his own funds into his trust account, in violation of former SCR 20:1.15(b)(3).[3]

- Failing to hold in trust, separate from his own property, that property of clients and third persons that were in his possession in connection with representations, in violation of former SCR 20:1.15(a)[4]

---

[2] Effective July 1, 2007, substantial changes were made to the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys, SCR Chapter 20. *See* Supreme Court Order No. 04–07, 2007 WI 4, 293 Wis. 2d xv; and Supreme Court Order No. 06–04, 2007 WI 48, 297 Wis. 2d xlvii. Since the conduct underlying this case arose prior to July 1, 2007, all references to the supreme court rules will be to those in effect prior to July 1, 2007.

Former SCR 20:8.4(c) provided that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[3] Former SCR 20:1.15(b)(3) provided: "Lawyer funds. No funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay monthly account service charges, may be deposited or retained in a trust account."

[4] Former SCR 20:1.15(a)(effective through June 30, 2004) provided:

A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. Funds held in connection with a representation or in a fiduciary capacity include funds held as trustee, agent, guardian, personal representative of an estate, or otherwise. All funds of clients and third persons paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c). The trust account shall be maintained in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. The trust

(effective through June 30, 2004) and former SCR 20:1.15(b)(1)[5] (effective July 1, 2004).

- Making disbursements from a trust account by a telephone transfer of funds, in violation of former SCR 20:1.15(e)(4)b.[6]

- Failing to comply with record keeping requirements, in violation of former SCR 20:1.15(f)(1)a,[7]

account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. No funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay or avoid imposition of account service charges, may be deposited in such an account. Unless the client otherwise directs in writing, securities in bearer form shall be kept by the attorney in a safe deposit box in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. The safe deposit box shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. Other property of a client or third person shall be identified as such and appropriately safeguarded. If a lawyer also licensed in another state is entrusted with funds or property in connection with an out-of-state representation, this provision shall not supersede the trust account rules of the other state.

[5] Former SCR 20:1.15(b)(1) (effective July 1, 2004) provided:

Separate account. A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

[6] Former SCR 20:1.15(e)(4)b provided: "No deposits or disbursements shall be made to or from a trust account by a telephone transfer of funds. This section does not prohibit wire transfers."

[7] Former SCR 20:1.15(f)(1)a provided:

(1) Demand accounts. Complete records of a trust account that is a demand account shall include a transaction register;

25

individual client ledgers; a ledger for account fees and charges, if law firm funds are held in the account pursuant to sub. (b) (3); deposit records; disbursement records; monthly statements; and reconciliation reports, subject to all of the following:

a. Transaction register. The transaction register shall contain a chronological records of all account transactions, and shall include all of the following:

1. the date, source, and amount of all deposits;

2. the date, check or transaction number, payee and amount of all disbursements, whether by check, wire transfer, or other means;

3. the date and amount of every other deposit or deduction of whatever nature;

4. the identity of the client for whom funds were deposited or disbursed; and

5. the balance in the account after each transaction.

[8] Former SCR 20:1.15(f)(1)b provided:

b. Individual client ledgers. A subsidiary ledger shall be maintained for each client or matter for which the lawyer receives trust funds, and the lawyer shall record each receipt and disbursement of that client's funds and the balance following each transaction. A lawyer shall not disburse funds from the trust account that would create a negative balance with respect to any individual client or matter.

[9] Former SCR 20:1.15(f)(1)d provided:

d. Deposit records. Deposit slips shall identify the name of the lawyer or law firm, and the name of the account. The deposit slip shall identify the amount of each deposit item, the client or matter associated with each deposit item, and the date of the deposit. The lawyer shall maintain a copy or duplicate of each deposit slip. All deposits shall be made intact. No cash, or other form of disbursement, shall be deducted from a deposit. Deposits of wired funds shall be documented in the account's monthly statement.

[10] Former SCR 20:1.15(f)(1)g provided:

g. Reconciliation reports. For each trust account, the lawyer shall prepare and retain a printed reconciliation report on a regular and periodic basis not less frequently than every 30 days.

- Filing false certificates with the State Bar of Wisconsin in violation of former SCR 20:1.15(i)(4).[11]

¶ 7. The stipulation states that Attorney Thibodeau fully understands the misconduct allegations; fully understands the ramifications should the court impose the stipulated 60 day suspension of his license to practice law; and fully understands his right to contest the matter and to consult with counsel. Attorney Thibodeau states that he entered into the stipulation knowingly and voluntarily and that he admits the misconduct and assents to the level of discipline sought by the OLR director.

¶ 8. We approve the parties' stipulation and recommendation regarding discipline. Consistent with the stipulation we will not impose the costs of this proceeding upon Attorney Thibodeau.

¶ 9. IT IS ORDERED that the license of Attorney James D. Thibodeau to practice law in Wisconsin is suspended for a period of 60 days, effective October 23, 2007.

Each reconciliation report shall show all of the following balances and verify that they are identical: (1) the balance that appears in the transaction register as of the reporting date; (2) the total of all subsidiary ledger balances for IOLTA accounts and other pooled accounts, determined by listing and totaling the balances in the individual client ledgers and the ledger for account fees and charges, as of the reporting date; and (3) the adjusted balance, determined by adding outstanding deposits and other credits to the balance in the financial institution's monthly statement and subtracting outstanding checks and other deductions form the balance in the monthly statement.

[11] Former SCR 20:1.15(i)(4) provided:

(4) Suspension for non-compliance. The failure of a state bar member to file the certificate is grounds for automatic suspension of the member's membership in the state bar in the same manner provided in SCR 10.03(6) for nonpayment of dues. The filing of a false certificate is unprofessional conduct and is grounds for disciplinary action.

¶ 10.   IT IS FURTHER ORDERED that Attorney James D. Thibodeau shall comply with the requirements of SCR 22.26 pertaining to activities following suspension.

¶ 11.   PATIENCE DRAKE ROGGENSACK, J., did not participate.