The PEOPLE of the State of Colorado, Complainant

v.

Linda Marie HERRICK, Respondent.

No. 07PDJ072.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

June 25, 2008.

Attorney Regulation. Following a Sanctions Hearing, the Presiding Disciplinary Judge suspended Respondent Linda Marie Herrick (Attorney Registration No. 18362) from the practice of law for a period of sixty days with conditions of reinstatement, effective July 26, 2008. Respondent has been immediately suspended since September 11, 2007. Respondent deposited personal funds into her COLTAF account, paid personal bills from this account, and then knowingly failed to respond to the People's investigation into her use of the account. The facts admitted by default proved violations of Colo. RPC 1.15(f)(1) and C.R.C.P. 251.5(d). She also failed to present any mitigating evidence or otherwise participate in these proceedings. Accordingly, the Presiding Disciplinary Judge found no adequate basis to depart from the presumptive sanction of a suspension.

On April 23, 2008, the Presiding Disciplinary Judge ("the Court") held a Sanctions Hearing pursuant to C.R.C.P. 251.18(d). MARGARET B. FUNK appeared on behalf of the Office of Attorney Regulation Counsel ("the People"). LINDA MARIE HERRICK ("Respondent") did not appear, nor did counsel appear on her behalf. The Court now issues the following "Report, Decision, and Order Imposing Sanctions Pursuant to C.R.C.P. 251.19(c)."

## REPORT, DECISION, AND ORDER IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

### I. ISSUE

When an attorney engages in conduct that violates a duty owed to the legal profession or legal system and causes injury or potential injury, the presumptive sanction ranges from reprimand to suspension. Respondent deposited personal funds into her COLTAF account, paid personal bills from this account,

and then knowingly failed to respond to the People's investigation into her use of the account. What is the appropriate sanction for her conduct?

> SANCTION IMPOSED: ATTORNEY SUSPENDED FROM THE PRACTICE OF LAW FOR SIXTY (60) DAYS WITH CONDITIONS OF REINSTATEMENT.

## II. PROCEDURAL HISTORY AND FINDINGS OF FACT

■ The People filed a complaint on October 25, 2007. Respondent failed to answer the complaint and the Court granted a motion for default on February 14, 2008. Upon the entry of default, the Court deems all facts set forth in the complaint admitted and all rule violations established by clear and convincing evidence. *People v. Richards,* 748 P.2d 341, 346 (Colo.1987).

The Court hereby adopts and incorporates by reference the factual background of this case fully detailed in the admitted complaint.[1] Respondent took and subscribed the oath of admission and gained admission to the Bar of the Colorado Supreme Court on April 27, 1989. She is registered upon the official records of the Colorado Supreme Court, Attorney Registration No. 18362, and is therefore subject to the jurisdiction of the Court. The Colorado Supreme Court immediately suspended Respondent for her failure to cooperate with the People pursuant to C.R.C.P. 251.8.6 on September 11, 2007.

■ In 2006 and 2007, Respondent maintained a COLTAF account at the Bank of the West. On November 27, 2006, Bank of the West reported item number 1091, in the amount of $20.00, was returned due to non-sufficient funds in Respondent's COLTAF account. This notification triggered an investigation with the People. Respondent failed to respond to the People's attempts to contact her.

On December 15, 2006, Bank of the West reported item number 1097 in the amount of $400.00 was returned due to non-sufficient funds in Respondent's COLTAF account. This notification also triggered an investiga-

1. *See* the People's complaint in 07PDJ072.

tion with the People. This time, an investigator with the People spoke with Respondent who requested an extension of time in which to file responses to the two matters. Respondent failed to respond to the People by the agreed time or in the following months despite numerous attempts by the People to contact her.

Further investigation revealed that Respondent deposited other personal checks into her trust account. The records also reflect that during the relevant time period, twelve checks were made payable for Respondent's personal interests and not on behalf of any client. Based on these undisputed factual allegations, the Court found that Respondent violated Colo. RPC 1.15(f)(1) (failure to keep personal funds separate from COLTAF account) and C.R.C.P. 251.5(d) (failure to cooperate).

## III. SANCTIONS

■ The ABA Standards for Imposing Lawyer Sanctions (1991 & Supp.1992) ("ABA *Standards* ") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct. *In re Roose,* 69 P.3d 43, 46–47 (Colo.2003). In imposing a sanction after a finding of lawyer misconduct, the Court must first consider the duty breached, the mental state of the lawyer, the injury or potential injury caused, and the aggravating and mitigating evidence pursuant to ABA *Standard* 3.0.

Respondent's failure to participate in these proceedings leaves the Court with no alternative but to consider only the established facts and rule violations set forth in the complaint in evaluating the first three factors listed above. The Court finds Respondent violated duties owed to the legal profession and the legal system by placing personal funds into her COLTAF account and then knowingly refusing to participate in these proceedings. The entry of default established that Respondent acted at least *negligently* in her misuse of her COLTAF account, but that she *knowingly* refused to participate in these proceedings. She caused

actual harm to the legal profession as her misuse of her COLTAF account breached the trust placed in the Colorado Supreme Court and the legal profession by the state's banking industry. Further, by failing to participate in the investigation, Respondent caused both actual and potential harm to the legal system's regulation of the legal profession.

The Court finds several aggravating factors exist in this case including a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency, and substantial experience in the practice of law. *See* ABA *Standards* 9.22(b), (c), (d), (e) and (i). Due in part to the absence of any contradictory evidence, the Court finds clear and convincing evidence to support each aggravating factor. Respondent failed to participate in these proceedings and therefore presented no evidence in mitigation. However, the People acknowledge Respondent has no prior disciplinary record. *See* ABA *Standards* 9.32(a).

The ABA *Standards* state that the presumptive sanction for the misconduct evidenced by the admitted facts and rule violations in this case ranges from reprimand to suspension. With regard to Respondent's placing of personal funds into her COLTAF account, suspension is generally appropriate when a lawyer *knowingly* engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system. ABA *Standard* 7.2. Reprimand is generally appropriate when a lawyer *negligently* engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system. ABA *Standard* 7.3.

With regard to Respondent's knowing refusal to participate in the investigation, suspension is generally appropriate when a lawyer *knowingly* violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding. ABA *Standard* 6.22. Reprimand is generally ap-propriate when a lawyer *negligently* fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding. ABA *Standard* 6.23.

Colorado Supreme Court case law applying the ABA *Standards* does not specifically address the issue of misuse of a COLTAF account, absent commingling or intentional fraud upon creditors. The People point to cases from other jurisdictions. *See e.g. In the Matter of Disciplinary Proceedings Against Thibodeau*, 305 Wis.2d 21, 738 N.W.2d 558 (2007) (Court concluded attorney's placement of personal funds into his COLTAF account to shield funds from personal creditors violated Wisconsin's version of model rules 8.4(c) and 1.15, resulting in 60–day suspension); *In re Petition for Discipline Action Against Overboe*, 745 N.W.2d 852 (Minn.2008) (Attorney violated multiple rules, including Minnesota's version of model rule 8.4(c) by deceptively labeling a personal account that contained only attorney's funds as a trust account in order to shield his funds from judgment creditors, contributing to his one-year suspension).

The record clearly demonstrates that Respondent deposited personal funds into her COLTAF account, paid personal bills from this account, and then knowingly failed to respond to the People's investigation into the use of the account. When an attorney engages in conduct that violates a duty owed to the legal profession and causes injury or potential injury, then violates a duty owed to the legal system, the presumptive sanction ranges from reprimand to suspension. Case law from other jurisdictions supports a short suspension. The Court concludes that the particular facts and circumstances of this case, in particular the state of mind of Respondent, the aggravating factors, and her complete failure to participate in these proceedings, warrant a short suspension with conditions of reinstatement.

## IV. CONCLUSION

One of the primary goals of our disciplinary system is to protect the public from

lawyers who pose a danger to them. The facts established in the complaint, while not conclusively revealing a serious danger to the public, still warrants discipline because it adversely reflects on Respondent's fitness to practice law. Absent other factors in mitigation not presented here, the ABA *Standards* and case law applying the ABA *Standards* both support a short suspension. Upon consideration of the nature of Respondent's misconduct, her mental state, the actual and potential harm, and the aggravating factors, the Court concludes that a sixty-day suspension with conditions of reinstatement is appropriate in this matter.

## V. *ORDER*

The Court therefore **ORDERS**:

1. **LINDA MARIE HERRICK,** Attorney Registration No. 18362, is hereby **SUSPENDED** from the practice of law for a period of **SIXTY (60) DAYS,** effective **Monday, July 28, 2008.**

2. **LINDA MARIE HERRICK SHALL** register for, and successfully complete the ethics and trust account schools sponsored by the People as a condition precedent to filing any petition for reinstatement.

3. **LINDA MARIE HERRICK, SHALL** pay the costs of these proceedings. The People shall submit a Statement of Costs within fifteen (15) days of the date of this order. Respondent shall have ten (10) days within which to respond.