In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Yolanda SPRINGFIELD-WOODARD, Attorney at Law.

Supreme Court

*No. 96–0885–D. Filed April 30, 1996.*

(Also reported in 547 N.W.2d 190.)

PER CURIAM. We review the stipulation filed with the complaint of the Board of Attorneys Professional Responsibility (Board) establishing the professional misconduct of Attorney Yolanda Springfield-Woodard. That misconduct consisted of Attorney Springfield-Woodard's commingling of personal funds with client funds in a trust account and using trust account funds for personal purposes, failing to keep and preserve complete records of transactions in her client trust account and produce those records at the Board's request, certifying that she had complied with the trust account record-keeping rules, writing trust account checks against funds deposited for the benefit of a client without keeping adequate records as to the purpose or recipient of those withdrawals and failing to respond to requests from the Board for production of information and documents and her contradictory statements to the Board in its investigation of these matters. The parties stipulated to a 60-day license suspension as appropriate discipline for that misconduct and the imposition of trust account retention and reporting requirements as a condition of reinstatement.

We approve the stipulation and adopt the facts and legal conclusions set forth therein establishing Attorney Springfield-Woodard's professional misconduct. In view of the parties' stipulation that there is no clear and convincing evidence of misappropriation of client funds and the fact that Attorney Springfield-Woodard has not been the subject of a prior disciplinary proceeding, we determine that the misconduct warrants a 60-day license suspension and the imposition of trust account conditions.

Attorney Springfield-Woodard was admitted to practice law in Wisconsin in 1988 and practices in

Madison. The parties stipulated that she engaged in the following professional misconduct.

In June, 1993, Attorney Springfield-Woodard paid for automobile repairs by a check written on her law office trust account, which she maintained with her husband, who was her law partner. When informed that the trust account was overdrawn and the check would not be honored, the car dealership attempted unsuccessfully to contact Attorney Springfield-Woodard, who did not respond. After being notified that the dealership filed a grievance with the Board, Attorney Springfield-Woodard's husband replaced the trust account check with a cash payment of $277.75.

Attorney Springfield-Woodard acknowledged that she and her husband had used their client trust account for personal purposes, making payments from it to a clothing store, a bar and an athletic club, and that checks in payment of their legal fees were deposited into that trust account. She and the Board stipulated that her commingling of personal funds with client funds and using the trust account for personal purposes constituted a violation of SCR 20:1.15(a).[1]

During its investigation of this matter, the Board made several requests for production of Attorney

---

[1] SCR 20:1.15 provides, in pertinent part:

**Safekeeping property**

(a) A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c) maintained in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import, and no funds belonging to the lawyer or law firm except funds reasonably sufficient to pay account service charges may be deposited in such an account. . . .

539

Springfield-Woodard's trust account records. After repeatedly promising to produce those records, Attorney Springfield-Woodard gave the Board only a few months' bank statements. She subsequently stated that the only record she maintained was a checkbook register but said it had been lost. She also asserted that, following the Board's request for the records, she intended to create those records but never did so. It was stipulated that her failure to keep and preserve complete records of transactions in her client trust account violated SCR 20:1.15(e)[2] and that her failure to produce the records at the Board's request violated SCR 20:1.15(f).[3]

---

[2] SCR 20:1.15 provides, in pertinent part:

**Safekeeping property**

. . .

(e) Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation. Complete records shall include: (i) a cash receipts journal, listing the sources and date of each receipt, (ii) a disbursements journal, listing the date and payee of each disbursement, with all disbursements being paid by check, (iii) a subsidiary ledger containing a separate page for each person or company for whom funds have been received in trust, showing the date and amount of each receipt, the date and amount of each disbursement, and any unexpended balance, (iv) a monthly schedule of the subsidiary ledger, indicating the balance of each client's account at the end of each month, (v) a determination of the cash balance (checkbook balance) at the end of each month, taken from the cash receipts and cash disbursement journals and a reconciliation of the cash balance (checkbook balance) with the balance indicated in the bank statement, and (vi) monthly statements, including canceled checks, vouchers or share drafts, and duplicate deposit slips. A record of all property other than cash which is held in trust for clients or third persons, as required by paragraph (a) hereof, shall also be maintained. All trust account records shall be deemed to have public aspects as related to the lawyer's fitness to practice.

[3] SCR 20:1.15 provides, in pertinent part:

Notwithstanding that she did not keep complete trust account records as required under the court's rule, in October, 1993, Attorney Springfield-Woodard signed the certification on her State Bar annual dues statement that she had complied with the requirements of that rule. It was stipulated that her doing so violated SCR 20:1.15(g).[4]

In late 1992 and early 1993, Attorney Springfield-Woodard did some legal work in a matter for which her

---

**Safekeeping property**

. . .

(f) Upon request of the Board of Attorneys Professional Responsibility, or upon direction of the Supreme Court, the records shall be submitted to the board for its inspection, audit, use and evidence under such conditions to protect the privilege of clients as the court may provide. The records, or an audit thereof, shall be produced at any disciplinary proceeding involving the attorney wherever material. Failure to produce the records shall constitute unprofessional conduct and grounds for disciplinary action.

[4] SCR 20:1.15 provides, in pertinent part:

**Safekeeping property**

. . .

(g) A member of the State Bar of Wisconsin shall file with the State Bar annually, with payment of the member's State Bar dues or upon such other date as approved by the Supreme Court, a certificate stating whether the member is engaged in the private practice of law in Wisconsin and, if so, the name of each bank, trust company, credit union or savings and loan association in which the member maintains a trust account, safe deposit box, or both, as required by this section. Each member shall explicitly certify therein that he or she has complied with each of the record-keeping requirements set forth in paragraph (e) hereof. A partnership or professional legal corporation may file one certificate on behalf of its partners, associates, or officers who are required to file under this section. The failure of a member to file the certificate required by this section is grounds for automatic suspension of the member's membership in the State Bar in the same manner as provided in SCR 10.03(6) for nonpayment of dues. The filing of a false certificate is unprofessional conduct and is grounds for disciplinary action. . . .

husband was retained, and she was aware of the trust account transactions involving that client. In early 1993, her husband was appointed protective payee for the client for purposes of Social Security, SSI and disability payments. Between March and June of that year, eight checks totaling $6668.41 were deposited into the law firm's trust account for that client. Attorney Springfield-Woodard and her husband had no trust account records for the client other than a few scraps of paper signed by her husband or the client, or both, and some letters purportedly describing their fee arrangement.

Records obtained by the Board disclosed that of the approximately $6700 in checks deposited into Attorney Springfield-Woodard's trust account on that client's behalf, there were signed receipts or checks endorsed by the client for only $2058. Bank records further showed that payments of $3550 were made to Attorney Springfield-Woodard's law office, allegedly for fees. An additional $676.91 was disbursed out of the client's funds for which there is no documentation.

While the majority of the trust account checks written against the client's funds were signed by her husband, at least five of them were signed by Attorney Springfield-Woodard, four of them payable to "cash" or to a check cashing service. Because of the insufficient records kept by Attorney Springfield-Woodard and her husband, it was not possible to determine what portion of the client's funds were turned over to the client or used for his benefit and what part was received by the attorneys. It was stipulated that the writing of trust account checks to "cash" or to the check cashing service against funds deposited for the benefit of the client without keeping adequate records as to the purpose or

recipient of those disbursements violated SCR 20:1.15(b).[5]

In the course of its investigation, the Board made at least five requests to Attorney Springfield-Woodard to produce specific information and trust account documents, and she repeatedly promised to do so but never did. During two depositions, Attorney Springfield-Woodard made statements under oath directly contradicted by other statements she made, some of them in connection with bank records the Board had subpoenaed. For example, she stated under oath that the reason she used a trust account check to pay for the car repairs was that she mistakenly believed the trust account checkbook was her personal checkbook, which had the same-colored cover and the same-colored checks. Two years later, she acknowledged under oath that she knew she was using a trust account check to make that payment, that her personal account had been closed several months earlier and was unavailable to pay for the car repair, and that her personal checks and the trust account checks were of different colors.

Attorney Springfield-Woodard also stated under oath that she had not personally written any trust account checks during April, May and June of 1993,

[5] SCR 20:1.15 provides, in pertinent part:

**Safekeeping property**

. . .

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

543

while bank records showed that she personally signed 10 trust account checks during that period. Finally, she stated under oath that she had voluntarily closed her accounts at a bank, including her trust account, because the service fees were too high, while bank records show that all three of her accounts had been closed because of overdrafts. It was stipulated that Attorney Springfield-Woodard's failure to respond to written requests from the Board for production of information and documents and her contradictory statements to the Board's investigators violated SCR 21.03(4),[6] 22.07(2) and (3).[7]

---

[6] SCR 21.03 provides, in pertinent part:

**General principles**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[7] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

As discipline for that misconduct, in addition to a 60-day license suspension, the parties stipulated to the imposition of the following conditions on reinstatement of Attorney Springfield-Woodard's license:

— upon reinstatement or immediately upon receipt of any client trust property, including any unearned retainer, she open a trust account pursuant to SCR 20:1.15 and within five days give the Board written notice of the location and number of that account;
— three months after opening a trust account, she provide the Board a copy of all trust account records required by SCR 20:1.15(e), including journals, monthly bank statements and a schedule for each client having funds on deposit in the account during the months being reported;
— if a computer software program is used to generate trust account records, she use on a monthly basis the checkbook balancing feature of the program and generate and retain printed copies of all ledgers and journals required under SCR 20:1.15(e);
— that for two years following the opening of a trust account, she provide to the Board, at her expense, an annual audit of that account prepared by a certified public accountant.

We adopt the stipulated facts and legal conclusions establishing Attorney Springfield-Woodard's professional misconduct. We determine that the 60-day license suspension to which the parties agreed is appropriate discipline to be imposed, together with the conditions concerning her handling of client funds and her client trust account in the future.

IT IS ORDERED that the license of Attorney Yolanda Springfield-Woodard to practice law in Wisconsin is

suspended for a period of 60 days, commencing June 3, 1996.

IT IS FURTHER ORDERED that, as a condition of reinstatement of her license, Yolanda Springfield-Woodard comply with the conditions set forth in this opinion.

IT IS FURTHER ORDERED that Yolanda Springfield-Woodard comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

SHIRLEY S. ABRAHAMSON, J., did not participate.