In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
William J. GROGAN, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant-Respondent,

v.

William J. GROGAN,
Respondent-Appellant.

Supreme Court

*No. 2009AP1830–D. Decided February 4, 2011.*

2011 WI 7

(Also reported in 795 N.W.2d 745.)

¶ 1. PER CURIAM. We review the referee's recommendation that Attorney William J. Grogan's license to practice law in Wisconsin be suspended for 60 days for professional misconduct. The referee also recommends conditions for reinstatement. The Office of Lawyer Regulation (OLR) filed a complaint alleging five counts of misconduct for failing to comply with trust account regulations and a sixth count for failing to provide information regarding trust account records and management. Richard P. Mozinski was appointed referee. The referee accepted Attorney Grogan's stipulation that the allegations of the complaint were established by clear, satisfactory, and convincing evidence.

¶ 2. No appeal has been filed. We approve and adopt the stipulated facts and conclusions of law. We agree the seriousness of Attorney Grogan's misconduct warrants a 60–day suspension of his license to practice law, and we approve the recommended reinstatement conditions. We impose costs of $6,425.53.

¶ 3. Attorney Grogan was admitted to practice law in Wisconsin in 1978. He has practiced in Appleton. In 2007 Attorney Grogan was reprimanded for failing to file timely income and withholding tax returns, and

failing to provide information in a timely fashion during an OLR investigation. *See* Public Reprimand of William J. Grogan, 2007–06.

¶ 4. In the instant proceeding, the referee found facts as follows. Attorney Grogan filed a bankruptcy petition in 2005. The creditors included the IRS, which had seized $4,000 in 2005, and the Wisconsin Department of Revenue, which had seized $2,000 in 2004. The bankruptcy was dismissed with Attorney Grogan's consent on March 14, 2006.

¶ 5. During the pendency of his bankruptcy, Attorney Grogan opened a client trust account on March 10, 2006. Attorney Grogan made a series of deposits into the trust account, including unidentified cash deposits. He also disbursed a number of checks for personal purposes and made cash withdrawals. The bank reported 16 overdrafts totaling $9,016.72 during July 2008.

¶ 6. Attorney Grogan admitted he had used his trust account as a business and personal account. He said he had a business account, but it had been closed due to overdrafts before he had opened the trust account. He did not maintain a personal account.

¶ 7. Beginning in May 2007, OLR sent multiple requests for trust account information to Attorney Grogan. Attorney Grogan did not fully respond to the requests until June 12, 2008. The OLR requested additional information and trust account records from Attorney Grogan on July 18, 2008, and again on July 25, 2008.

¶ 8. On July 28, 2008, the bank informed Attorney Grogan his trust account would be closed for "NSF" and unusual account activity. Attorney Grogan advised the OLR that no client matters were involved with the overdrafts, and within a few days he would provide the

records the OLR requested on July 18, 2008. However, as of November 10, 2008, he had failed to produce the records or his response. The records were not produced until after this court ordered Attorney Grogan to show cause why his license should not be suspended for willful failure to cooperate with an OLR investigation.

¶ 9. The referee concluded Grogan engaged in six counts of professional misconduct:

- Count 1. By placing personal and business funds into his client trust account, thereby depositing and retaining funds belonging to himself in his client trust account, Attorney Grogan violated former SCR 20:1.15(b)(3).[1]

- Count 2. By failing to maintain a business account, Attorney Grogan violated SCR 20:1.15(e)(8).[2]

- Count 3. By making 46 cash withdrawals from the trust account totaling $5,880.20, and by disbursing two

---

[1] Effective July 1, 2007, substantial changes were made to the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys, SCR Chapter 20. *See* S. Ct. Order 04–07, 2007 WI 4, 293 Wis. 2d xv, 726 N.W.2d Ct.R-45 (eff. July 1, 2007); and S. Ct. Order 06–04, 2007 WI 48, 297 Wis. 2d xv, 730 N.W.2d Ct.R.-29 (eff. July 1, 2007). The conduct alleged in all but Count 6 arose prior to July 1, 2007. Unless otherwise indicated, all references to the Wisconsin Supreme Court Rules will be to those in effect from July 1, 2004, through June 30, 2007.

Former SCR 20:1.15(b)(3) provided, "No funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay monthly account service charges, may be deposited or retained in a trust account."

[2] Former SCR 20:1.15(e)(8) stated that "[e]ach lawyer who receives trust funds shall maintain at least one demand account, other than the trust account, for funds received and disbursed other than in the lawyer's trust capacity, which shall be entitled 'Business Account,' 'Office Account,' 'Operating Account,' or words of similar import."

checks totaling $720 payable to cash, Attorney Grogan violated SCR 20:1.15(e)(4)a.[3]

• Count 4. By failing to maintain client ledgers, Attorney Grogan violated SCR 20:1.15(f)(1)b.[4]

• Count 5. By failing to identify the client or matter relating to each deposit on his deposit slips, particularly the 72 cash deposits totaling $19,470, Attorney Grogan violated SCR 20:1.15(f)(1)d.[5]

• Count 6. By failing to respond to the OLR's multiple written requests for trust account records and by failing to answer questions regarding the management of his trust account, Attorney Grogan violated former SCR 20:1.15(e)(7)[6] and current SCRs 22.03(2)

---

[3] Former SCR 20:1.15(e)(4)a. provided that "[n]o disbursement of cash shall be made from a trust account or from a deposit to a trust account, and no check shall be made payable to 'Cash.' "

[4] Former SCR 20:1.15(f)(1)b. stated as follows:

Individual client ledgers. A subsidiary ledger shall be maintained for each client or matter for which the lawyer receives trust funds, and the lawyer shall record each receipt and disbursement of that client's funds and the balance following each transaction. A lawyer shall not disburse funds from the trust account that would create a negative balance with respect to any individual client or matter.

[5] Former SCR 20:1.15(f)(1)d. provided, in pertinent part, as follows: "Deposit records. Deposit slips shall identify the name of the lawyer or law firm, and the name of the account. The deposit slip shall identify the amount of each deposit item, the client or matter associated with each deposit item, and the date of the deposit."

[6] Former SCR 20:1.15(e)(7) stated:

Production of records. All trust account records have public aspects related to a lawyer's fitness to practice. Upon request of the office of lawyer regulation, or upon direction of the supreme court, the records shall be submitted to the office of lawyer regulation for

and 22.03(6),[7] via SCR 20:8.4(h).[8]

¶ 10. Although Attorney Grogan did not dispute the six counts of misconduct, he requested an evidentiary hearing on the issue of sanction. The sanction hearing was held May 26, 2010.

¶ 11. At the hearing, Attorney Grogan offered a number of explanations in an attempt to mitigate the sanction. The referee found those explanations fell

its inspection, audit, use, and evidence under any conditions to protect the privilege of clients that the court may provide. The records, or an audit of the records, shall be produced at any disciplinary proceeding involving the lawyer, whenever material. Failure to produce the records constitutes unprofessional conduct and grounds for disciplinary action.

[7] SCRs 22.03(2) and (6) (effective as of July 1, 2007) provide as follows:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

. . .

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[8] SCR 20:8.4(h) (effective as of July 1, 2007) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

generally into two categories: (1) the offenses, although committed, did not rise to the level of causing actual client harm; and (2) the offenses were related to various personal, business, physical health and emotional problems.

¶ 12. The referee determined the first category of Attorney Grogan's explanations was not persuasive. The referee concluded clients were not harmed because the bank had covered most of the overdrafts, but this did not mitigate Attorney Grogan's misconduct.

¶ 13. The referee found the second category of explanations more difficult to assess. The referee said Attorney Grogan's testimony was somewhat compelling as to his catastrophic life struggles and he had dealt with a number of life challenges during the time of the rule violations. The referee observed Attorney Grogan's testimony was professional and appropriate, and he did not contend he should be relieved of the consequences of his professional misconduct. The referee noted Attorney Grogan's personal circumstances may have called for a creative response for the imposition of discipline; Attorney Grogan, however, failed to file a post-hearing brief, although invited and required to do so. The referee found Attorney Grogan's failure to acknowledge communications after the hearing demonstrates he is not yet willing to do what is necessary to meet his professional responsibilities. The referee stated that although he was sympathetic to Attorney Grogan's daunting life circumstances, the record did not support a lesser sanction than called for by the facts of the misconduct.

¶ 14. The referee found that Attorney Grogan:

> • did not supervise his staff, failed to provide oversight, and did not monitor trust, tax, and other financial records and filings;

- did not provide a minimum degree of oversight regarding financial matters, including billing, trust account recordkeeping, and tax payment responsibility;

- commingled his personal funds/financial matters into his trust account, including, among other matters, grocery, office rent, personal pre-paid cash card purchases, and child education payments;

- had difficulty with accounts receivable;

- did not maintain competent professional bookkeeping/accountant advice;

- placed inappropriate blame upon his clients, secretarial staff, bookkeeper and others for his noncompliance with the Supreme Court Rules, especially the trust account rules;

- advised at the May 26, 2010, sanction hearing that he continued providing legal representation to clients from April 2007 until the date of the hearing, even though his trust account was closed in August 2008;

- demonstrated at the sanction hearing that he does not have the appropriate frame of reference or basic understanding of compliance responsibilities related to maintaining a trust account with all necessary ledgers, registers, and books;

- testified on May 26, 2010, that without a trust account he continues to have ten to twelve open client matters;

- did not maintain client trust account ledgers, registers, or monthly reconciliations prior to and during the instant disciplinary proceedings;

- failed to offer any exhibits or present any witnesses at the May 26, 2010, hearing as evidentiary proof of mitigation of the admitted disciplinary rule violations;

- admitted that not all of his misconduct was related to medical issues;

- acknowledged that he had approximately 80 completed cases for legal work that had not yet been billed to the Public Defender's Office as of the May 26, 2010, hearing;

- did not have at the time of the May 26, 2010, hearing a separate business account and did not maintain such an account at times when the misconduct claimed in this case occurred.

¶ 15. The referee concluded a 60–day license suspension was consistent with ABA Standards for Imposing Lawyer Sanctions 3.0 (amended February 1992) and Wisconsin case law.[9] The referee determined no restitution was indicated and deferred the issue of costs to the court.

¶ 16. Additionally, the referee recommended the following conditions on the reinstatement of Attorney Grogan's license:

1. Attorney Grogan must attend an OLR trust account management seminar within one year and successfully complete an exam following that seminar;

2. Attorney Grogan must establish a new trust or fiduciary account prior to accepting client or third party funds in connection with client representation or in a fiduciary capacity; and

---

[9] ABA Standard 3.0 states that the court should consider (a) the duty violated; (b) the lawyer's mental state; (c) the potential or actual injury caused by the misconduct; and (d) the existence of aggravating or mitigating factors.

*See In re Disciplinary Proceedings Against Thibodeau,* 2007 WI 118, 305 Wis. 2d 21, 738 N.W.2d 558, and *In re Disciplinary Proceedings Against Springfield-Woodard,* 200 Wis. 2d 537, 547 N.W.2d 190 (1996).

■■
■■■

3. Upon establishing the new trust or fiduciary account, Attorney Grogan must provide the OLR with the following: (a) a fully executed agreement to report overdrafts on the new trust or fiduciary account; (b) documentation establishing that Attorney Grogan has a business account; and (c) quarterly reports regarding his trust and/or fiduciary account for a period of one year after establishing such an account, including any and all trust, fiduciary, and/or business account records requested by the OLR.

■■

¶ 17. Because no appeal is filed, we review the referee's report pursuant to SCR 22.17(2).[10] We approve and adopt the referee's findings of fact and conclusions of law as to Attorney Grogan's professional misconduct. In imposing discipline, we independently review the seriousness of the misconduct as well as the need to protect the public, the courts, and the legal system from repetition of misconduct, to impress upon the attorney the seriousness of the misconduct, and to deter other attorneys from committing similar misconduct. *See In re Disciplinary Proceedings Against Woods,* 2008 WI 79, ¶ 22, 311 Wis. 2d 213, 751 N.W.2d 840.

¶ 18. We are satisfied the record supports the imposition of a 60–day license suspension, together with the recommended conditions. We approve the OLR's request for costs of $6,425.53. Attorney Grogan has filed no objection to costs and the record discloses no extraordinary circumstances to reduce costs.

---

[10] SCR 22.17(2) provides in part:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline.

¶ 19. IT IS ORDERED that the license of William J. Grogan to practice law in Wisconsin is suspended for 60 days, effective March 7, 2011.

¶ 20. IT IS FURTHER ORDERED that, as a condition of the reinstatement of his license to practice law, William J. Grogan shall comply with the conditions set forth in this opinion

¶ 21. IT IS FURTHER ORDERED that within 60 days of the date of this order, William J. Grogan pay to the Office of Lawyer Regulation the costs of the proceeding. If costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, William J. Grogan's license to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 22. IT IS FURTHER ORDERED that William J. Grogan shall comply with SCR 22.26 regarding the duties of a person whose license to practice law in Wisconsin has been revoked.

¶ 23. DAVID T. PROSSER, J., did not participate.