# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP2361-D |
| COMPLETE TITLE: | Office of Lawyer Regulation, |
| | Complainant, |
| | v. |
| | William J. Grogan, |
| | Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST GROGAN

| | |
|---|---|
| OPINION FILED: | June 19, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | PROSSER, J., did not participate. |

ATTORNEYS:

No.  2012AP2361-D

NOTICE

**This opinion is subject to further editing and modification.  The final version will appear in the bound volume of the official reports.**

STATE OF WISCONSIN                    :        IN SUPREME COURT

**Office of Lawyer Regulation,**

        **Complainant,**

    **v.**

**William J. Grogan,**

        **Respondent.**

**FILED**

**JUN 19, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Attorney's license revoked*.

¶1  PER CURIAM.  We review the recommendation of the referee, Reserve Judge Robert E. Kinney, that the license of Attorney William J. Grogan to practice law in Wisconsin be revoked due to professional misconduct.  The referee also recommended that Attorney Grogan be ordered to pay restitution

and the costs of this proceeding. Attorney Grogan did not timely appeal the report and recommendation.[1]

¶2 We adopt the referee's findings of fact and conclusions of law and agree that the seriousness of Attorney Grogan's professional misconduct warrants the revocation of his law license. We further agree that he should pay restitution in the amounts described below, and that he should pay the costs of this proceeding.

¶3 Attorney Grogan was admitted to practice law in Wisconsin in 1978. He has practiced in the Appleton area.

¶4 Attorney Grogan has been previously disciplined for unprofessional conduct. In 2007, Attorney Grogan was publicly reprimanded for failing to timely file income and withholding tax returns, and failing to provide information in a timely fashion during an Office of Lawyer Regulation (OLR) investigation. See Public Reprimand of William J. Grogan, No. 2007-6. In 2011, Attorney Grogan's Wisconsin law license was

---

[1] The referee filed an unsigned version of his report and recommendation on November 5, 2013, and filed the signature page on November 11, 2013. Counting from the latter of these two dates, Attorney Grogan's appeal was due in early December of 2013. See SCR 22.17(1) (appeal due within 20 days after the filing of the referee's report). On December 27, 2013, nearly four weeks after his appeal deadline, Attorney Grogan filed a hand-written "Petition to Grant Leave to File Notice of Appeal." Therein, Attorney Grogan claimed, without any supporting documentation, that he had been unable to timely file an appeal for health-related reasons. Given both the unsupported nature of Attorney Grogan's request and his tendency, shown amply in the record, to offer unproven medical excuses for delay, we deny his request.

suspended for 60 days for misconduct consisting of five violations of trust account rules and one count of failing to cooperate with an OLR investigation. In re Disciplinary Proceedings Against William J. Grogan, 2011 WI 7, 331 Wis. 2d 341, 795 N.W.2d 745.

¶5 Since March 7, 2011, Attorney Grogan's Wisconsin law license has been suspended continuously. Attorney Grogan has not satisfied certain conditions placed on the reinstatement of his license following the 60-day disciplinary suspension imposed in In re Disciplinary Proceedings Against William J. Grogan, 331 Wis. 2d 341, ¶¶16, 18. Attorney Grogan's license is also presently suspended for failing to comply with continuing legal education requirements and failing to pay bar dues. Finally, on June 16, 2011, and on January 24, 2012, this court temporarily suspended Attorney Grogan's license to practice law for his willful failure to cooperate in two separate OLR investigations concerning certain conduct underlying this opinion. These temporary suspensions remain in effect.

¶6 The OLR's complaint against Attorney Grogan consists of some 33 counts of misconduct committed in eight separate client matters: Charles B. (Counts 1-3); Clayton B. (Counts 4-8); D.D. (Counts 9-11); L.J. (Counts 12-14); M.S.L. (Counts 15-20); J.J.M. (Counts 21-26); D.K.K. (Counts 27-29); and C.T. (Counts 30-33). Attorney Grogan answered the complaint with a general denial of all counts. The referee held a six-day hearing on this matter and received post-hearing briefing, after which the referee filed a 93-page report concluding that

3

Attorney Grogan had committed all 33 alleged acts of professional misconduct.

¶7 Given the volume of the factual findings and legal conclusions made by the referee, we do not repeat them all here. It is sufficient to provide the following summary information concerning the serious misconduct at issue in this matter.

¶8 The OLR alleged and the referee concluded that, contrary to SCR 20:1.3,[2] Attorney Grogan willfully failed to act with diligence and promptness during his representation of Clayton B. (Count 4), M.S.L. (Count 15), and D.K.K. (Count 27).

¶9 The OLR alleged and the referee concluded that, contrary to SCR 20:1.5(b)(3),[3] Attorney Grogan improperly retained funds in his trust account during his representation of C.T. (Count 31).

¶10 The OLR alleged and the referee concluded that, contrary to SCR 20:1.15(b)(1),[4] Attorney Grogan failed to hold in trust, separate from his own property, the property of clients

---

[2] SCR 20:1.3 states, "A lawyer shall act with reasonable diligence and promptness in representing a client."

[3] SCR 20:1.5(b)(3) states, "A lawyer shall promptly respond to a client's request for information concerning fees and expenses."

[4] SCR 20:1.15(b)(1) states:

> Separate account. A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

4

and third persons in his possession during his representation of J.J.M. (Count 21) and D.K.K. (Count 28).

¶11 The OLR alleged and the referee concluded that, contrary to SCR 20:1.15(d)(1),[5] Attorney Grogan failed to promptly disburse funds that a third party was entitled to receive during his representation of J.J.M. (Count 22) and C.T. (Count 30).

¶12 The OLR alleged and the referee concluded that, contrary to SCR 20:1.15(d)(2),[6] Attorney Grogan failed to provide a full written accounting of funds he received from J.J.M. (Count 23).

¶13 The OLR alleged and the referee concluded that, contrary to SCR 20:1.16(d),[7] Attorney Grogan failed upon

---

[5] SCR 20:1.15(d)(1) provides:

Notice and disbursement. Upon receiving funds or other property in which a client has an interest, or in which the lawyer has received notice that a 3rd party has an interest identified by a lien, court order, judgment, or contract, the lawyer shall promptly notify the client or 3rd party in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, the lawyer shall promptly deliver to the client or 3rd party any funds or other property that the client or 3rd party is entitled to receive.

[6] SCR 20:1.15(d)(2) states, "Accounting. Upon final distribution of any trust property or upon request by the client or a 3rd party having an ownership interest in the property, the lawyer shall promptly render a full written accounting regarding the property."

[7] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable

termination of representation of Clayton B. to refund any unearned portion of an advanced fee (Count 6).

¶14 The OLR alleged and the referee concluded that, contrary to SCR 20:3.4(c),[8] Attorney Grogan knowingly disobeyed a court order during his representation of J.J.M. (Count 24).

¶15 The OLR alleged and the referee concluded that, contrary to SCR 20:5.5(b)(2),[9] Attorney Grogan held out to the public or otherwise represented that he was admitted to practice law at a time when his law license was suspended (Count 32).

¶16 The OLR alleged and the referee concluded that, contrary to SCR 20:8.4(c),[10] Attorney Grogan engaged in dishonesty, fraud, deceit, or misrepresentation during his representation of Charles B. (Count 2), Clayton B. (Count 7), D.D. (Count 10), L.J. (Count 13), and M.S.L. (Count 18).

---

to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[8] SCR 20:3.4(c) states that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists; . . . ."

[9] SCR 20:5.5(b)(2) states that a lawyer who is not admitted to practice in this jurisdiction shall not "hold out to the public or otherwise represent that the lawyer is admitted to the practice of law in this jurisdiction."

[10] SCR 20:8.4(c) states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . . ."

¶17 The OLR alleged and the referee concluded that, contrary to SCR 22.03(2),[11] Attorney Grogan failed to fully and fairly disclose to the OLR all facts and circumstances pertaining to alleged misconduct that occurred during his representation of Clayton B. (Count 8), D.D. (Count 11), L.J. (Count 14), M.S.L. (Count 20), and D.K.K. (Count 29).

¶18 The OLR alleged and the referee concluded that, contrary to SCR 22.03(2) and SCR 22.03(6),[12] Attorney Grogan failed to fully and fairly disclose to the OLR all facts and circumstances pertaining to alleged misconduct that occurred during his representation of J.J.M. and C.T., and also willfully failed to provide relevant information, fully and truthfully answer questions, or furnish documents during the OLR's

---

[11] SCR 22.03(2) states:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[12] SCR 22.03(6) states, "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

7

investigation into his work on these same matters (Counts 25 and 33).

¶19 The OLR alleged and the referee concluded that, contrary to SCR 22.03(6), Attorney Grogan willfully failed to provide relevant information, fully and truthfully answer questions, or furnish documents in the course of the OLR's investigation into his representation of J.J.M. (Count 26).

¶20 The OLR alleged and the referee concluded that, contrary to SCR 22.26(1)(a) and (b),[13] Attorney Grogan failed to notify Clayton B. and M.S.L. by certified mail of his license suspension and failed to advise them to seek legal advice of their choice elsewhere (Counts 5 and 17).

¶21 The OLR alleged and the referee concluded that, contrary to SCR 22.26(1)(c),[14] Attorney Grogan failed to promptly

---

[13] SCR 22.26(1)(a) and (b) state:

On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do . . . the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

[14] SCR 22.26(1)(c) states:

On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do . . . the following:

. . . .

8

provide written notification of his license suspension to the circuit court in the M.S.L. matter (Count 19).

¶22 The OLR alleged and the referee concluded that, contrary to SCR 22.26(2),[15] Attorney Grogan engaged in the practice of law after his license had been suspended during his representation of Charles B. (Count 1), D.D. (Count 9), L.J. (Count 12), and M.S.L. (Count 16).

¶23 The OLR alleged and the referee concluded that, contrary to SCR 10.03(2),[16] Attorney Grogan failed to report changes to his office address to the State Bar (Count 3).

---

(c) Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

[15] SCR 22.26(2) provides as follows:

An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

[16] SCR 10.03(2) states as follows:

Enrollment. Every person who becomes licensed to practice law in this state shall enroll in the state bar by registering his or her name and social security number with the association within 10 days after

¶24 After making a determination of misconduct as to all 33 counts summarized above, the referee evaluated the appropriate discipline for Attorney Grogan. The referee recommended the revocation of Attorney Grogan's law license. The referee wrote that Attorney Grogan's misconduct was "blatant." He "grossly mistreated" his clients, many of whom were financially challenged or otherwise vulnerable. Referring to Attorney Grogan's conduct in representing L.J., the referee wrote that "[w]e now have the spectacle of a suspended attorney, a former district attorney, no less, meeting clients at Burger King, taking their money, and essentially disappearing into the night. The damage done to the profession is truly incalculable."

¶25 The referee vigorously rejected Attorney Grogan's defenses to the OLR's allegations. The referee variously described Attorney Grogan's defenses as "entirely incredible," "riddled with inconsistency," "baseless," and "advanced without a shred of supporting documentary evidence . . . , and in the face of a mountain of contemporaneous written evidence to the contrary." The referee wrote that one of Attorney Grogan's arguments during the six-day disciplinary hearing "literally

---

admission to practice. Every change after enrollment in any member's office address or social security number shall be reported promptly to the state bar. The social security number of a person enrolling in the state bar may not be disclosed to any person or entity except the supreme court and its agencies, or as otherwise provided by supreme court rules.

destroyed any remaining credibility he possessed." The referee also commented that Attorney Grogan's noncooperation with the disciplinary process rose "to a level never before seen by this referee. [Attorney Grogan] has made engaging in basic communication with him a monumental struggle. The jobs of OLR investigators, Court clerks, and even this referee were needlessly magnified by his avoidance behavior."

¶26 As mentioned above, the referee ultimately recommended the revocation of Attorney Grogan's law license. The referee wrote that "[w]hile it is almost unfathomable to think that an attorney would risk censure over such trifling amounts as [Attorney Grogan] took in this case, it is the blatant nature of the violations, combined with a long pattern of unremorseful behavior, which tips the scale."

¶27 Concerning monetary sanctions, the referee recommended that Attorney Grogan be ordered to pay restitution as follows:

• Charles B. matter: $300 to the State Bar's Wisconsin Lawyers Fund for Client Protection ("Fund");

• Clayton B. matter: $875 to the Fund;

• D.D. matter: $220 to D.D.;

• L.J. matter: $500 to the Fund;

• M.S.L. matter: $65 to M.S.L.;

• J.J.M. matter: $6,500 to the Fund, $1,000 to J.J.M.; and

• C.T. matter: $2,000 to C.T.'s mother, C.V.G.

11

¶28 The referee also recommended that Attorney Grogan be ordered to pay costs of $37,718.88, a figure which represents costs through November 26, 2013.

¶29 The OLR did not appeal from the referee report, and, as mentioned earlier,[17] Attorney Grogan did not timely file an appeal. Accordingly, this court's review proceeds pursuant to SCR 22.17(2).[18] In conducting our review, we will affirm the referee's findings of fact unless they are found to be clearly erroneous, but we will review the referee's conclusions of law on a de novo basis. See In re Disciplinary Proceedings Against Inglimo, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740 N.W.2d 125. The court may impose whatever sanction it sees fit regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶30 Based upon our review of the record, we approve and adopt the referee's findings of fact and conclusions of law. We determine that the seriousness of Attorney Grogan's misconduct demonstrates that his law license must be revoked to protect the public, courts, and legal system from the repetition of the

---

[17] See n.1.

[18] SCR 22.17(2) provides:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

misconduct; to impress upon Attorney Grogan the seriousness of his misconduct; and to deter other attorneys from engaging in similar misconduct. We also agree with and adopt the referee's recommendation that Attorney Grogan be ordered to pay restitution and costs as described above.

¶31 IT IS ORDERED that the license of William J. Grogan to practice law in Wisconsin is revoked, effective as of the date of this order.

¶32 IT IS FURTHER ORDERED that the temporary license suspensions of June 16, 2011 and January 24, 2012, which arose out of William J. Grogan's willful failure to cooperate with two separate OLR grievance investigations in this matter, are lifted.

¶33 IT IS FURTHER ORDERED that within 60 days of the date of this order William J. Grogan shall pay restitution as follows:

- Charles B. matter: $300 to the Fund;
- Clayton B. matter: $875 to the Fund;
- D.D. matter: $220 to D.D.;
- L.J. matter: $500 to the Fund;
- M.S.L. matter: $65 to M.S.L.;
- J.J.M. matter: $6,500 to the Fund, $1,000 to J.J.M.; and
- C.T. matter: $2,000 to C.T.'s mother, C.V.G.

¶34 IT IS FURTHER ORDERED that within 60 days of the date of this order, William J. Grogan shall pay to the Office of Lawyer Regulation the imposed costs of this proceeding.

13

¶35 IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶36 IT IS FURTHER ORDERED that William J. Grogan shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶37 DAVID T. PROSSER, J., did not participate.