# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP358-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Michael F. Bishop, Attorney at Law: |
| | Office of Lawyer Regulation, |
| |        Complainant, |
| |    v. |
| | Michael F. Bishop, |
| |        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST BISHOP

| | |
|---|---|
| OPINION FILED: | October 18, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2016AP358-D

STATE OF WISCONSIN                    :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Michael F. Bishop, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

    **v.**

**Michael F. Bishop,**

      **Respondent.**

**FILED**

**OCT 18, 2016**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Attorney's license suspended.*

¶1   PER CURIAM.   We review a stipulation filed pursuant to Supreme Court Rule (SCR) 22.12[1] by the Office of Lawyer

---

[1] SCR 22.12 provides as follows:  Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee, in which case the supreme

(continued)

Regulation (OLR) and Attorney Michael F. Bishop. In the stipulation, Attorney Bishop admits the misconduct alleged by the OLR and agrees to a 60-day suspension of his Wisconsin law license.

¶2 We adopt the stipulated facts and conclusions of law. We agree that Attorney Bishop's misconduct warrants the suspension of his Wisconsin law license for a period of 60 days. The OLR does not seek either restitution or the costs of this proceeding and we decline to impose either upon him.

---

court may approve the stipulation, reject the stipulation, or direct the parties to consider specific modifications to the stipulation.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects a stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(3m) If the supreme court directs the parties to consider specific modifications to the stipulation, the parties may, within 20 days of the date of the order, file a revised stipulation, in which case the supreme court may approve the revised stipulation, adopt the stipulated facts and conclusions of law, and impose the stipulated discipline. If the parties do not file a revised stipulation within 20 days of the date of the order, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

¶3 Attorney Bishop was admitted to practice law in Wisconsin in 1993. He practices in Milwaukee, Wisconsin. In 2014, Attorney Bishop received a consensual public reprimand for several trust account violations. Public Reprimand of Michael F. Bishop, 2014-2 (electronic copy available at https://compendium.wicourts.gov/app/raw/002658.html).

¶4 The matter presently before the court also involves trust account violations, coupled with a failure to cooperate with the OLR.

¶5 Between 2012 and 2014, Attorney Bishop maintained a client trust account at BMO Harris Bank (BMO). On August 19, 2013, OLR sent Attorney Bishop a letter, informing him that it had received notice of an overdraft on his client trust account. The OLR directed Attorney Bishop to provide a written response within 20 days of his receipt of the letter, and to provide copies of his trust account's bank statements for May 2013 and June 2013, a copy of his transaction register for May 2013 and June 2013, and a copy of his client ledger relating to an alleged $50 withdrawal. Attorney Bishop did not respond. He also failed to respond to two subsequent notices from the OLR.

¶6 On January 10, 2014, OLR filed a motion asking this court to issue an order to show cause as to why Attorney Bishop's law license should not be suspended for his willful failure to cooperate in the OLR investigation concerning his conduct. This court issued the requested order. By January 22, 2014, Attorney Bishop had provided the OLR with enough

3

information to allow the OLR to continue its investigation, so the OLR withdrew its motion and the investigation continued.

¶7 By letter dated February 26, 2014, the OLR directed Attorney Bishop to inform the OLR whether he had opened a business account subsequent to September 1, 2012, but Attorney Bishop failed to respond.

¶8 On May 28, 2014, the OLR sent Attorney Bishop a second letter requesting the same information. This time, Attorney Bishop responded by email, stating "I have not had a business account since 2012 ..."

¶9 During its investigation, the OLR discovered that in a Waukesha County case in which Attorney Bishop represented the defendant, the court ordered the return of $3,000 from the bail deposit to be paid to Attorney Bishop. The Waukesha County Clerk of Courts paid the $3,000 to Attorney Bishop and Attorney Bishop deposited the check directly into his BMO trust account, describing the deposit as a "$3,000.00 deposit for monies past due." These funds should have been placed in a business account.

¶10 On August 17, 2015, Attorney Bishop advised the OLR that a chargeback on his trust account had resulted in an overdraft. In response, the OLR requested certain trust account records, including bank statements, a transaction register, and client ledgers. Attorney Bishop provided some information, but did not submit a transaction register or client ledgers for his trust account. The OLR investigation revealed that Attorney Bishop made numerous cash withdrawals from his trust account.

4

¶11 On February 22, 2016, OLR filed a disciplinary complaint in this matter, as amended on July 1, 2016. The OLR complaint alleged the following seven counts of misconduct:

> Count 1: By failing to cooperate with OLR's investigation of a May 20, 2013 overdraft on his trust account by failing to respond to OLR's letters of August 19, 2013, September 23, 2013 and December 3, 2013, and by failing to respond to OLR's letter of February 26, 2014, Bishop violated SCR 22.03(2) and (6),[2] as enforced via SCR 20:8.4(h).[3]

---

[2] SCR 22.03(2) and (6) provides as follows:

> (2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

> (6) provides as follows: In the course of the investigation, the respondents willful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[3] SCR 20:8.4(h) provides as follows: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6) or SCR 22.04(1)."

Count 2: By failing to maintain a business account from 2012 through at least May of 2014, despite the fact that he had a trust account during that time, Bishop violated SCR 20:1.15(e)(8).[4]

Count 3: By depositing into and retaining in his Trust Account at least $3,000 in earned fees, Bishop violated SCR 20:1.15(b)(3).[5]

Count 4: By making at least 199 cash withdrawals from his trust account between May 2, 2013 and July 1, 2015, totaling $50,097.82, Bishop violated SCR 20:1.15(e)(4)a.[6]

Count 5: By failing to maintain a transaction register and client ledgers and failing to comply with record keeping requirements, Bishop violated SCR 20:1.15(f)(l)a, b. and g.[7]

---

[4] Effective July 1, 2016, substantial changes were made to Supreme Court Rule 20:1.15, the "trust account rule." See S. Ct. Order 14-07, (issued Apr. 4, 2016, eff. July 1, 2016). Because the conduct underlying this case arose prior to July 1, 2016, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2016.

SCR 20:1.15(e)(8) provides as follows: "Each lawyer who receives trust funds shall maintain at least one draft account, other than the trust account, for funds received and disbursed other than in the lawyer's trust capacity, which shall be entitled 'Business Account,' 'Office Account,' 'Operating Account,' or words of similar import."

[5] SCR 20:1.15(b)(3) provides as follows: "No funds belonging to the lawyer or law firm except funds reasonably sufficient to pay monthly account service charges, may be deposited or retained in a trust account."

[6] SCR 20:1.15(e)(4)a provides as follows: "No disbursement of cash shall be made from a trust account, or from a deposit to a trust account, and no check shall be made payable to 'cash.'"

[7] SCR 20:1.15(f)(l)a., b., and g., provides as follows:

(f) Record-keeping requirements for all trust accounts.

(continued)

(1) Draft accounts. Complete records of a trust account that is a draft account shall include a transaction register; individual client ledgers for IOLTA accounts and other pooled trust accounts; a ledger for account fees and charges, if law firm funds are held in the account pursuant to sub. (b)(3); deposit records; disbursement records; monthly statements; and reconciliation reports, subject to all of the following:

a. Transaction register. The transaction register shall contain a chronological record of all account transactions, and shall include all of the following:

1. the date, source, and amount of all deposits;

2. the date, check or transaction number, payee and amount of all disbursements, whether by check, wire transfer, or other means;

3. the date and amount of every other deposit or deduction of whatever nature;

4. the identity of the client for whom funds were deposited or disbursed; and

5. the balance in the account after each transaction.

b. Individual client ledgers. A subsidiary ledger shall be maintained for each client or 3rd party for whom the lawyer receives trust funds that are deposited in an IOLTA account or any other pooled trust account. The lawyer shall record each receipt and disbursement of a client's or 3rd party's funds and the balance following each transaction. A lawyer shall not disburse funds from an IOLTA or any pooled trust account that would create a negative balance with respect to any individual client or matter.

. . .

g. Reconciliation reports. For each trust account, the lawyer shall prepare and retain a printed reconciliation report on a regular and periodic basis not less frequently than every 30 days. Each

(continued)

7

Count 6: By making 11 cash withdrawals from his trust account, totaling $2,025.00, between August 4, 2015 and August 28, 2015, Bishop violated SCR 20:1.15(e)(4)a.[8]

Count 7: By failing to produce a transaction register and client ledgers for his trust account, Bishop violated SCR 20:1.15(e)(7).[9]

---

reconciliation report shall show all of the following balances and verify that they are identical:

    1. The balance that appears in the transaction register as of the reporting date;

    2. the total of all subsidiary ledger balances for IOLTA accounts and other pooled trust accounts, determined by listing and totaling the balances in the individual client ledgers and the ledger for account fees and charges, as of the reporting date; and

    3. the adjusted balance, determined by adding outstanding deposits and other credits to the balance in the financial institution's monthly statement and subtracting outstanding checks and other deductions from the balance in the monthly statement.

[8] SCR 20:1.15(e)(4)a provides: "No disbursement of cash shall be made from a trust account or from a deposit to a trust account, and no check shall be made payable to 'Cash.'"

[9] SCR 20:1.15(e)(7) provides:

    (7) All trust account records have public aspects related to a lawyer's fitness to practice. Upon request of the office of lawyer regulation, or upon direction of the supreme court, the records shall be submitted to the office of lawyer regulation for its inspection, audit, use, and evidence under any conditions to protect the privilege of clients that the court may provide. The records, or an audit of file records, shall be produced at any disciplinary proceeding involving the lawyer, whenever material. Failure to produce the records constitutes unprofessional conduct and grounds for disciplinary action.

¶12 In August 2016, the OLR and Attorney Bishop executed the stipulation now before the court. In addition to stipulating to the facts as set forth above, the parties stipulated to discipline in the form of a 60-day suspension of Attorney Bishop's Wisconsin law license.

¶13 The stipulation provides that it is not the result of a plea bargain. Attorney Bishop also verifies that he fully understands the allegations of misconduct, the ramifications if this court should impose the stipulated level of discipline, his right to contest the matter, and his right to consult with counsel. He further verifies that his entry into the stipulation was made knowingly and voluntarily, and that it represents his admission of all misconduct and his assent to the level and type of discipline sought by the OLR director.

¶14 The OLR filed a memorandum in support of the stipulation. The memorandum discusses attorney disciplinary cases that resulted in 60-day suspensions for misconduct, including In re Disciplinary Proceedings Against Grogan, 2011 WI 7, 331 Wis. 2d 341, 795 N.W.2d 745. Attorney Grogan received a 60-day suspension for misconduct that is virtually identical to the facts alleged in the complaint filed against Attorney Bishop. Attorney Grogan failed to maintain a business account; commingled funds; made cash withdrawals from the trust account and failed to maintain certain trust account records. Attorney Grogan also failed to cooperate with the OLR's investigations. In addition, Attorney Grogan, like Attorney Bishop, had a prior public reprimand. It also bears noting that the court imposed

9

several conditions on Attorney Grogan, one of which was a requirement that he provide the OLR with "documentation establishing that [he] has a business account." Id. at 349.

¶15 We adopt the stipulation and the stipulated facts and conclusions of law, and we impose the stipulated discipline. We agree that the seriousness of Attorney Bishop's misconduct warrants the suspension of his Wisconsin law license for 60 days. The OLR does not seek restitution, so we impose none. The OLR also does not seek costs, and, mindful that the stipulation obviates the need for a referee, we do not impose costs.

¶16 In its complaint, the OLR recommended that, as a condition of his reinstatement, Attorney Bishop provide the OLR with documentation establishing that he has established a separate business account. The stipulation and supportive memorandum do not address this condition, but we deem it appropriate to impose this requirement to better ensure Attorney Bishop's prospective compliance with the trust account rules.

¶17 IT IS ORDERED that the license of Michael F. Bishop to practice law in Wisconsin is suspended for a period of 60 days, effective November 28, 2016.

¶18 IT IS FURTHER ORDERED that Michael F. Bishop shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶19 IT IS FURTHER ORDERED that, as a condition of his reinstatement, and no later than two weeks prior to the date he

10

is eligible for reinstatement, Michael F. Bishop shall provide the OLR with written notice and evidence that he has established a business account.

¶20  IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).

¶21  IT IS FURTHER ORDERED that no costs will be imposed in this matter.