IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James T. RUNYON, Attorney at Law.

Supreme Court

*No. 84–134–D. Filed November 26, 1984.*
(Also reported in 357 N.W.2d 545.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee the Honorable Rodney Lee Young, Reserve Judge, recommended that the license of Attorney James T. Runyon to practice law in Wisconsin be suspended for a period of one year for unprofessional conduct consisting of the withholding of money belonging to his law partnership for his own personal use without the consent or knowledge of his partners and his having given false testimony at a John Doe proceeding concerning the withholding of those funds. The referee also recommended that Attorney Runyon be required to

pay the costs of the disciplinary proceeding and that he be permitted to file a petition for reinstatement at any time after nine months of the one-year suspension period have elapsed. We accept the recommendations for discipline with the exception of that concerning Attorney Runyon's petitioning for reinstatement of his license prior to the expiration of the one-year suspension.

Attorney Runyon was admitted to practice law in Wisconsin in 1978 and practices in Tomahawk. The Board of Attorneys Professional Responsibility (Board) filed a complaint alleging that on numerous occasions he did not turn over to the law firm in which he was a partner the full amount of fees he had received from the firm's clients. The total amount of fees alleged to have been withheld without his partners' knowledge or consent was $4,477. The Board also alleged that in the course of a John Doe hearing in Lincoln county circuit court in September of 1982, Attorney Runyon falsely testified under oath that one of his partners not only knew about his practice of keeping all or part of client fees, but told him to do so, as this was normal firm policy. At the conclusion of that hearing, Attorney Runyon testified that he had lied about his partner's knowledge and consent regarding his withholding of client fees from the firm, and he admitted having misappropriated approximately $3,000 in law firm funds. The Board further alleged that Attorney Runyon had entered a no contest plea to two counts of misdemeanor theft involving the withholding of law firm funds, in violation of sec. 943.20 (1) (a), Stats., and that a certificate of conviction was filed on July 13, 1983. Upon his conviction, Attorney Runyon was fined $2,000, placed on one-year's probation and ordered to perform 500 hours of *pro bono* work.

Attorney Runyon denied the allegations of the Board's complaint in his answer, but he ultimately entered into a stipulation with the Board by the terms of which he admitted those allegations. He also waived his right to appeal from the referee's recommendation of a one-year suspension of his license and agreed to pay the costs of the disciplinary proceeding.

The referee made findings consistent with the allegations of the complaint and concluded that Attorney Runyon's withholding of money belonging to the partnership for his own personal use without the consent or knowledge of his partners was misconduct involving moral turpitude, dishonesty, fraud and deceit, in violation of SCR 20.04(3) and (4), and that his false testimony at the John Doe proceeding constituted misconduct in violation of SCR 11.01 and SCR 40.13. The referee recommended that Attorney Runyon's license be suspended for one year, that he be required to pay the costs of the disciplinary proceeding, and that he be permitted to file a petition for reinstatement at any time after nine months following the commencement of the suspension period.

We accept the referee's findings of fact and conclusions of law concerning Attorney Runyon's professional misconduct, and we accept the recommendation of a one-year suspension of his license to practice law and his payment of the costs of this proceeding. However, we do not accept the referee's recommendation that Attorney Runyon be permitted to file a petition for reinstatement of his license prior to the expiration of the period of suspension.

SCR 22.28(4)(b) requires that a petition for reinstatement of the license of an attorney which has been suspended for unprofessional conduct show, among other things, that the term of suspension has elapsed "or the

time at which the order of suspension permits filing a petition has arrived . . . ." While this rule contemplates that under some circumstances an attorney may be permitted to file a petition for reinstatement prior to the expiration of the term for which his license had been suspended, such permission is within the discretion of the court and depends on the circumstances present in a particular case. Here, however, the record shows no circumstance to warrant permitting Attorney Runyon to petition for the reinstatement of his license prior to the expiration of the suspension term.

The record does show that Attorney Runyon had proposed to include an "early petition" provision in the stipulation, but the Board refused to do so. Subsequently, at the July 2, 1984, hearing before the referee, Attorney Runyon moved to have the referee include such a provision in his recommendation. The Board did not oppose that motion but it explicitly took no position on it, stating that it wanted "to be able to remain flexible . . . at the time the petition is brought to take a position one way or the other . . . ." In his decision granting the motion, the referee merely stated his opinion that "under the circumstances of this case respondents request is reasonable and if granted the public interest will not be adversely affected."

After the referee filed his report and recommendation, we ordered the parties to show cause why Attorney Runyon should be permitted to file a petition for reinstatement prior to the expiration of the period of suspension. The only argument proffered by Attorney Runyon was that the referee's recommendation should be accepted for the reason that the Board had agreed that it would not oppose the motion made to the referee to that effect. The Board, on the other hand, took the position that Attorney Runyon should not be allowed to file an early petition for reinstatement because the one-

year suspension was stipulated as discipline for serious misconduct. Further, the Board cited a need for a full year to evaluate Attorney Runyon's conduct while suspended as it may reflect his rehabilitation.

Because the record establishes no circumstances to warrant permitting Attorney Runyon to file a reinstatement petition prior to the end of the suspension period and Attorney Runyon made no showing to justify it, we do not accept the referee's recommendation that Attorney Runyon be permitted to file a petition for the reinstatement of his license after nine months of the suspension period have run.

IT IS ORDERED that the license of Attorney James T. Runyon to practice law in Wisconsin is suspended for a period of one year, commencing January 1, 1985.

IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney James T. Runyon pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $3,456.46, provided that if the costs are not paid within the time specified and absent a showing by Attorney Runyon of his inability to pay the costs within the time specified, the license of Attorney James T. Runyon to practice law in Wisconsin shall be suspended until further order of the court.