# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP578-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against James T. Runyon, Attorney at Law: |
| | |
| | Office of Lawyer Regulation, |
| |    Complainant, |
| |   v. |
| | James T. Runyon, |
| |    Respondent. |

---

DISCIPLINARY PROCEEDINGS AGAINST RUNYON

---

| | |
|---|---|
| OPINION FILED: | October 8, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|  COURT: | |
|  COUNTY: | |
|  JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|  CONCURRED: | ABRAHAMSON, J., concurs. (Opinion filed.) |
|  DISSENTED: | |
|  NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2015AP578-D

STATE OF WISCONSIN      :      IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against James T. Runyon, Attorney at Law:**

**Office of Lawyer Regulation,**

       **Complainant,**

  **v.**

**James T. Runyon,**

       **Respondent.**

**FILED**

**OCT 8, 2015**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review a stipulation filed pursuant to Supreme Court Rule (SCR) 22.12[1] by the Office of Lawyer

---

[1] SCR 22.12 provides:

    (1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee, in which case the supreme court may approve the stipulation, reject the

(continued)

Regulation (OLR) and Attorney James T. Runyon. In the stipulation, Attorney Runyon admits that he engaged in misconduct consisting primarily of a number of trust account violations. The parties jointly request that this court impose a 60-day suspension of Attorney Runyon's license to practice law in Wisconsin as discipline for his admitted misconduct.

¶2 We approve the stipulation and suspend Attorney Runyon's license to practice law in this state for a period of 60 days. Because this matter was resolved with a stipulation

---

stipulation, or direct the parties to consider specific modifications to the stipulation.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects a stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(3m) If the supreme court directs the parties to consider specific modifications to the stipulation, the parties may, within 20 days of the date of the order, file a revised stipulation, in which case the supreme court may approve the revised stipulation, adopt the stipulated facts and conclusions of law, and impose the stipulated discipline. If the parties do not file a revised stipulation within 20 days of the date of the order, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

under SCR 22.12, we do not require Attorney Runyon to pay the costs of this proceeding. There is no request for restitution.

¶3 Attorney Runyon was admitted to the practice of law in Wisconsin in 1978. He practices law in the Tomahawk area. In 1984, Attorney Runyon's law license was suspended for one year for conduct involving moral turpitude, dishonesty, fraud, or deceit and for providing false testimony, violations of former SCRs 11.01, 20.04(3) and (4), 22.28(4)(b), and 40.13. In re Disciplinary Proceedings Against Runyon, 121 Wis. 2d 37, 357 N.W.2d 545 (1984). In 2006, Attorney Runyon received a private reprimand for misconduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of SCR 20:8.4(c). Private Reprimand No. 2006-11.

¶4 On March 23, 2015, the OLR filed a complaint alleging six counts of misconduct relating to trust account violations that occurred over a period of several months in 2013 and early 2014. On May 12, 2015, the parties executed a stipulation pursuant to SCR 22.12.

¶5 Attorney Runyon maintained an IOLTA trust account at First Merit Bank in Kaukauna, Wisconsin. Between September and October 2013, a series of overdrafts occurred. At the OLR's request, Attorney Runyon provided the OLR with his transaction register, client ledger, and bank statements. Attorney Runyon's transaction register consisted of handwritten check stubs, which did not show a consistent, accurate running balance, did not include the source and client matter for all deposits, and did not include the purpose for all disbursements. Attorney Runyon

3

did not perform complete and accurate monthly account reconciliations. For example, Attorney Runyon's handwritten check stubs indicate that the balance in his trust account as of June 27, 2013, should have been $134,924.09. However, bank records show that Attorney Runyon's actual trust account balance on June 27, 2013, was only $5,944.86.

¶6 Because the OLR was unable to determine the cause of the overdrafts based solely upon records provided by Attorney Runyon, the OLR obtained Attorney Runyon's bank statements, checks, and deposit records for 2013 directly from the bank and conducted an audit.

¶7 The OLR's reconstructed records indicate that Attorney Runyon's trust account first became overdrawn (on the books, as opposed to the bank balance) by a total of $16,651.33 at the end of the day on September 16, 2013. On September 19, 2013, the largest overdraft occurred, in the amount of $24,151.33.

¶8 On November 4, 2013, in the wake of these overdrafts, Attorney Runyon opened a new trust account at River Valley Bank and made an initial deposit of $20,000.

¶9 On November 12 and 14, 2013, River Valley Bank charged Attorney Runyon miscellaneous fees associated with opening the new account. Attorney Runyon did not account for such fees and did not keep any firm funds designated to cover account fees and charges in the trust account.

¶10 On December 2, 2013, Attorney Runyon closed the First Merit Bank trust account, withdrew its remaining balance of $8,072.60, and deposited it into his River Valley Bank trust

4

account. The $8,072.62 belonged to Attorney Runyon either as earned fees or as personal funds.

¶11 On December 31, 2013, there was an overdraft in the amount of $1,518.75 on Attorney Runyon's River Valley Bank trust account. A trust account check in the amount of $2,500 was presented and returned unpaid.

¶12 In response to the December 31, 2013 overdraft, Attorney Runyon provided copies of various records requested by the OLR, including his transaction register, bank statements, images of the canceled checks, deposit slips, and copies of the client ledgers at issue. A number of the canceled checks did not include the client matter and purpose of the check on the memo line. In addition, a number of the original deposit slips that were submitted to the bank by Attorney Runyon did not include client information. Attorney Runyon stipulated to his commission of the misconduct charged as follows:

¶13 By failing to hold in trust and account for at least $19,053.61 and as much as $86,850.68 in client and third-party funds between June 27, 2013, and October 1, 2013, Attorney Runyon violated SCR 20:1.15(b)(1)[2] (Count One).

---

[2] SCR 20:1.15(b)(1) provides:

> A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

¶14 By failing to hold in trust and account for at least $19,053.61 and as much as $86,850.68 in client and third-party funds between June 27, 2013, and October 1, 2013, and, on numerous occasions, by converting funds from client matters in order to cover checks he issued in other client matters for which there was not sufficient funds on deposit in the trust account, Attorney Runyon violated SCR 20:8.4(c)[3] (Count Two).

¶15 By depositing eight checks into his trust account totaling $18,550 that were drawn upon his business account, Attorney Runyon violated SCR 20:1.15(b)(3)[4] (Count Three).

¶16 By failing to maintain a transaction register that accurately reflected the activity in his trust account and that included the balance after each transaction, the source and client matter for all deposits, and the purpose for all disbursements, Attorney Runyon violated SCR 20:1.15(f)(1)a.[5]

---

[3] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[4] SCR 20:1.15(b)(3) provides that "[n]o funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay monthly account service charges, may be deposited or retained in a trust account."

[5] SCR 20:1.15(f)(1)a. provides:

The transaction register shall contain a chronological record of all account transactions, and shall include all of the following:

1. the date, source, and amount of all deposits;

(continued)

Further, by failing to maintain client ledgers that accurately reflected the activity in his trust account, and by making disbursements of funds from his trust account that created final total negative balances of $53,772.73 in 14 client ledgers as of October 1, 2013, and by allowing five client ledgers to become overdrawn temporarily in July and August 2013 by a total amount of $6,759.36, Attorney Runyon violated SCR 20:1.15(f)(1)b.[6] (Count Four).

¶17 By depositing $8,072.60 of personal funds into his River Valley Bank trust account on December 2, 2013, Attorney Runyon violated SCR 20:1.15(b)(3) (Count Five).

---

2. the date, check or transaction number, payee and amount of all disbursements, whether by check, wire transfer, or other means;

3. the date and amount of every other deposit or deduction of whatever nature;

4. the identity of the client for whom funds were deposited or disbursed; and

5. the balance in the account after each transaction.

[6] SCR 20:1.15(f)(1)b. provides:

A subsidiary ledger shall be maintained for each client or 3rd party for whom the lawyer receives trust funds that are deposited in an IOLTA account or any other pooled trust account. The lawyer shall record each receipt and disbursement of a client's or 3rd party's funds and the balance following each transaction. A lawyer shall not disburse funds from an IOLTA account or any pooled trust account that would create a negative balance with respect to any individual client or matter.

¶18 By failing to identify the client matter on his trust account deposit slips submitted to the bank, Attorney Runyon violated 20:1.15(f)(l)d.[7] Further, by issuing checks from his River Valley Bank trust account without including the client matter and purpose on the memo lines of such checks, Attorney Runyon violated 20:1.15(f)(l)e.1.[8] Lastly, by failing to obtain, and maintain with his trust account records, imaged checks or copies of the canceled checks issued from his trust account, Attorney Runyon violated 20:1.15(f)(l)e.2.[9] (Count Six).

---

[7] SCR 20:1.15(f)(1)d. provides:

Deposit slips shall identify the name of the lawyer or law firm, and the name of the account. The deposit slip shall identify the amount of each deposit item, the client or matter associated with each deposit item, and the date of the deposit. The lawyer shall maintain a copy or duplicate of each deposit slip. All deposits shall be made intact. No cash, or other form of disbursement, shall be deducted from a deposit. Deposits of wired funds shall be documented in the account's monthly statement.

[8] SCR 20:1.15(f)(1)e.1. provides:

Checks shall be pre-printed and pre-numbered. The name and address of the lawyer or law firm, and the name of the account shall be printed in the upper left corner of the check. Trust account checks shall include the words "Client Account," or "Trust Account," or words of similar import in the account name. Each check disbursed from the trust account shall identify the client matter and the reason for the disbursement on the memo line.

[9] SCR 20:1.15(f)(1)e.2. provides that "[c]anceled checks shall be obtained from the financial institution. Imaged checks may be substituted for canceled checks."

¶19 The stipulation clearly states that it was not the result of plea bargaining. Attorney Runyon states that he fully understands the allegations of misconduct against him and his right to contest those allegations. He nonetheless admits his misconduct and assents to the discipline sought by the OLR. He further states that he fully understands the ramifications that will follow if this court accepts the stipulation and imposes the requested level of discipline. Attorney Runyon also represents that he understands his right to consult with counsel in this matter. Finally, he asserts that his entry into the stipulation is made knowingly and voluntarily.

¶20 The only real issue here is whether the stipulated level of discipline (a 60-day suspension) is an appropriate level of discipline. Precedent in the area of failing to hold funds in trust is clustered on two extremes. The most egregious trust account misconduct, misappropriation, can merit revocation or a lengthy suspension. Other cases, however, warrant a much less severe level of discipline, such as a reprimand or short suspension. Attorney Runyon's conduct lies closer to the lower end of the two extremes.

¶21 Although it was improper for Attorney Runyon to deposit personal funds into his trust account, his motive was to make the trust account whole.

¶22 The OLR states that it considered several cases, as well as aggravating factors—including Attorney Runyon's disciplinary history—and mitigating factors, when analyzing what level of discipline it would seek in this matter. See, e.g.,

9

In re Disciplinary Proceeding Against Grogan, 2011 WI 7, 331 Wis. 2d 341, 795 N.W.2d 745 (imposing 60-day suspension on attorney with previous reprimand who engaged in various trust account violations, including commingling funds in the trust account and paying for office rent, groceries, and prepaid cash cards from the trust account); In re Disciplinary Proceedings Against Molinaro, 2009 WI 61, 318 Wis. 2d 375, 769 N.W.2d 458 (imposing 60-day suspension for trust account anomalies, including inappropriate transfers of funds between personal, trust, and business accounts).

¶23 The OLR deems suspension warranted in this case because Attorney Runyon was, at the least, extremely reckless with managing his trust account. In a four-month period, Attorney Runyon's trust account was repeatedly out of balance. Attorney Runyon knew or should have known that he did not have sufficient funds in his trust account to cover many of the disbursements he made to clients. Indeed, Attorney Runyon made $18,550 in deposits of personal funds to the account between June 29 and September 19, 2013, prior to the bank issuing its first overdraft notice on September 20, 2013. After the overdrafts occurred, Attorney Runyon then deposited additional personal funds to make the account whole. So, while no clients were ultimately harmed, that is due only to the fact that Attorney Runyon had sufficient personal funds available to make up for his overextension.

¶24 On review of the entire record, we accept the stipulation and impose the jointly requested sanction of a 60-

10

day suspension of Attorney Runyon's license to practice law in this state. No restitution was sought so we do not impose restitution. Because this matter was resolved with the filing of a stipulation under SCR 22.12 and without the appointment of a referee, the OLR does not seek costs and we will not require Attorney Runyon to pay any costs.

¶25 IT IS ORDERED that the license of James T. Runyon to practice law in Wisconsin is suspended for a period of 60 days, effective November 7, 2015.

¶26 IT IS FURTHER ORDERED that James T. Runyon shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶27 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).

¶28 SHIRLEY S. ABRAHAMSON, J. *(concurring).* I write to express concern that the per curiam does not sufficiently justify the 60-day suspension the court approves in this stipulated matter. Attorney Runyon and the OLR stipulated to the violation of the trust accounting rules and to a 60-day suspension.

¶29 Attorney Runyon has had two prior brushes with OLR. In 1988, his license was suspended for one year. In 2006, he received a private reprimand.

¶30 In contrast, Attorney Thomas Mulligan receives a 9-month suspension for violating trust accounting rules. OLR v. Mulligan, 2015 WI 96, ___ Wis. 2d ___, ___ N.W.2d ___. Attorney Mulligan contested the OLR complaint and proposed discipline. Attorney Mulligan has had three prior brushes with OLR. In 1997, Attorney Mulligan received a private reprimand. In 2005, Mulligan received a private reprimand. In 2009, he received a public reprimand.

¶31 I have difficulty reconciling the significantly different levels of discipline imposed in these two trust accounting violation cases.