# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2019AP1173-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Patrick J. Hudec, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>      Complainant,<br>   v.<br>Patrick J. Hudec,<br>      Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST HUDEC

| | |
|---|---|
| OPINION FILED: | April 16, 2020 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2019AP1173-D

STATE OF WISCONSIN      :      IN SUPREME COURT

**In the Matter of the Disciplinary Proceedings Against Patrick J. Hudec, Attorney at Law:**

**Office of Lawyer Regulation,**

         Complainant,

**v.**

**Patrick J. Hudec,**

         Respondent.

**FILED**

**APR 16, 2020**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review a report filed by Referee James J. Winiarski, accepting a stipulation executed by Attorney Patrick J. Hudec and the Office of Lawyer Regulation (OLR), in which Attorney Hudec pled no contest to four counts of professional misconduct and agreed that the allegations of the OLR's complaint were established by clear, satisfactory, and convincing evidence. Consistent with the terms of the stipulation the referee recommends we suspend Attorney Hudec's law license for 60 days and require Attorney Hudec to attend an OLR trust account seminar within one

year. The referee also recommends we order Attorney Hudec to pay the full costs of this proceeding, which total $3,991.10 as of January 29, 2020. The OLR did not request restitution and no restitution is ordered.

¶2 We adopt the referee's findings of fact and conclusions of law as derived from the parties' stipulation. We agree that a 60-day suspension is appropriate and we direct Attorney Hudec to attend an OLR trust account seminar within one year of the date of this order as a condition of his continued practice of law. We impose the full costs of this proceeding on Attorney Hudec.

¶3 Attorney Hudec was admitted to the practice of law in Wisconsin in 1979. As the referee observed, Attorney Hudec has an extensive disciplinary history.

- In November 1989, Attorney Hudec consented to a private reprimand for misconduct that included accepting a representation that was adverse to a former client and which constituted a conflict of interest. Private Reprimand No. 1989-27.

- In March 1993, Attorney Hudec consented to a second private reprimand for misconduct that included entering into a business transaction that was adverse to the financial interests of a client; engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and withholding material evidence in failing to cooperate with the investigation of the Board of Attorneys Professional Responsibility. Private Reprimand No. 1993-4 (electronic

copy available at https://compendium.wicourts.gov/ app/raw/002076.html).

- In May 2001, a third consensual private reprimand was imposed on Attorney Hudec for misconduct that included failing to obtain written consent to a potential conflict of interest in representing two clients and drafting a letter that contained a false statement of fact. Private Reprimand No. 2001-15.

- In 2008, Attorney Hudec received a consensual public reprimand for misconduct that included failing to act with reasonable diligence; failing to communicate with his client; and failing to cooperate with the OLR's investigation. Public Reprimand of Patrick J. Hudec, No. 2008-2 (electronic copy available at https://compendium. wicourts.gov/app/raw/002005.html).

- In July 2014, we publicly reprimanded Attorney Hudec for four counts of misconduct to which Attorney Hudec had stipulated, including breach of his duty of competence, submitting a brief with inappropriate facts, and engaging in an ex parte communication. In re Disciplinary Proceedings Against Hudec, 2014 WI 46, 354 Wis. 2d 728, 848 N.W.2d 287.

- On April 18, 2019, this court suspended Attorney Hudec's Wisconsin law license for 60 days, effective May 30, 2019, for six counts of misconduct to which Attorney Hudec pled no contest. In re Disciplinary Proceedings Against Hudec, 2019 WI 39, 386 Wis. 2d 371, 925 N.W.2d 540. His misconduct involved shortcomings in his fee agreements; lack of

diligence; failure to communicate with clients; and failure to comply with discovery rules.

¶4 This disciplinary matter commenced on June 27, 2019, when the OLR filed a complaint against Attorney Hudec alleging four counts of professional misconduct. Referee Winiarski was appointed on August 7, 2019. Attorney Hudec failed to file a timely answer in this matter, so on October 1, 2019, the OLR sought a default judgment.

¶5 On October 28, 2019, Attorney Hudec and the OLR entered into a stipulation in which Attorney Hudec pled no contest to all the allegations of misconduct. In the stipulation Attorney Hudec stated that his delays in responding to and/or cooperating with the OLR were medically related as a result of a lengthy illness during the summer of 2019, and major back surgery in January of 2018. The parties confirmed that the stipulation was not the result of plea bargaining but reflects Attorney Hudec's voluntary decision not to contest this matter. Attorney Hudec represents and verifies that he fully understands the allegations to which he stipulated in this disciplinary matter; he fully understands his right to contest this matter; he fully understands the ramifications of his entry into the stipulation; he fully understands that he has the right to consult counsel; and that his entry into the stipulation was made knowingly and voluntarily.

¶6 The referee requested briefing from the parties regarding Attorney Hudec's previous misconduct; caselaw supporting the recommended 60-day license suspension; and evidence and/or agreement regarding Attorney Hudec's medical conditions. After

4

consideration of the OLR's supplemental brief, the referee issued his report on January 9, 2020. No appeal from that report was filed so we consider this matter pursuant to SCR 22.17(2).[1]

¶7 The facts found by the referee derive from the parties' stipulation. On January 17, 2017, the OLR received a notice of an overdraft on Attorney Hudec's trust account. The OLR subsequently received notice of several additional overdrafts. A review of Attorney Hudec's trust account statements revealed that Attorney Hudec disbursed funds from his trust account dozens of times to pay personal and/or law firm expenses. During the same period of time, Attorney Hudec made trust account checks payable to "cash" and/or made cash withdrawals from his trust account on multiple occasions.

¶8 Attorney Hudec then failed to cooperate with the OLR. On September 6, 2017, the OLR sent a letter to Attorney Hudec requesting that he submit a written response to its investigation. Attorney Hudec did not timely respond. He requested extensions of time to respond, but then repeatedly failed to meet the extended deadlines and failed to provide the OLR with the requested information despite the OLR's multiple attempts to contact him.

---

[1] SCR 22.17(2) provides:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

In January 2018, at the OLR's request, this court issued an order to show cause as to why Attorney Hudec's license should not be temporarily suspended for failing to cooperate with the OLR's investigation.  This apparently prompted Attorney Hudec to provide the OLR with enough information, so at the OLR's request, the motion was withdrawn.

¶9   In June 2018, the OLR sought additional information from Attorney Hudec and again, he failed to timely respond, requested extensions of time, and then again failed to respond.  In September 2018, at the request of the OLR, we issued another order requiring Attorney Hudec to show cause why his law license should not be temporarily suspended for failure to cooperate with the OLR investigation.   Attorney Hudec requested and received two extensions of time from this court but nonetheless failed to timely respond to our order.  On November 8, 2018, Attorney Hudec finally provided the OLR with sufficient information so the OLR withdrew its motion.

¶10 The referee concluded that Attorney Hudec committed four counts of professional misconduct:

- **Count 1:**  By depositing and retaining funds belonging to himself or his law firm in his trust account, Attorney Hudec violated SCR 20:1.15(b)(3).[2]

---

[2] SCR 20:1.15(b)(3) provides: "No funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay monthly account service charges, may be deposited or retained in a trust account."

- **Count 2:** By making trust account checks payable to "cash" and by making cash withdrawals from his trust account, Attorney Hudec violated SCR 20:1.15(f)(2)a.[3]

- **Count 3:** By having trust account checks returned for insufficient funds, and therefore disbursing funds from his trust account without the funds being available for disbursement, Attorney Hudec violated SCR 20:1.15(f)(4)a.[4]

- **Count 4:** By willfully failing to provide the OLR with a timely initial written response to the OLR Matter no. 2017MA1283, and by willfully failing to provide the OLR a timely response to its June 26, 2018 request for additional information, Attorney Hudec violated

---

[3] SCR 20:1.15(f)(2)a. provides: "No withdrawal of cash shall be made from a trust account or from a deposit to a trust account. No check shall be made payable to 'Cash.' No withdrawal shall be made from a trust account by automated teller or cash dispensing machine."

[4] SCR 20:1.15(f)(4)(a) provides: "A lawyer shall not disburse funds from any trust account less the deposit from which those funds will be disbursed has cleared, and the funds are available for disbursement."

SCR 22.03(2)[5]  and  22.03(6),[6]  enforceable  via SCR 20:8.4(h).[7]

¶11 Determining appropriate discipline for professional misconduct involves: (1) the seriousness, nature, and extent of the misconduct; (2) the level of discipline needed to protect the public, the courts, and the legal system from repetition of the attorney's misconduct; (3) the need to impress upon the attorney the seriousness of the misconduct; and (4) the need to deter other attorneys from committing similar misconduct.  In re Disciplinary Proceedings Against Hammis, 2011 WI 3, ¶39, 331 Wis. 2d 19, 793 N.W.2d 884.

---

[5] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise.  The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response.  The director may allow additional time to respond.  Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[6] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[7] SCR 20:8.4(h) provides:  "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

¶12 It is clear from the report that the referee questioned whether a 60-day suspension is adequate given Attorney Hudec's disciplinary history and the facts of this matter. The referee thus requested additional information from the parties. The OLR submitted a memorandum. Attorney Hudec did not respond.

¶13 The OLR's memorandum indicates that Attorney Hudec did not provide evidence to establish that the medical conditions he described caused his misconduct. In re Disciplinary Proceedings Against Sosnay, 209 Wis. 2d 241, 243, 562 N.W.2d 137 (1997) ("Absent a causal connection between an attorney's medical condition and that attorney's professional misconduct, the medical condition may not be considered a factor mitigating either the seriousness of the misconduct or the severity of discipline to be imposed for it.") The OLR confirmed that Attorney Hudec's medical concerns did not mitigate the proposed discipline.

¶14 At the referee's request, the OLR also addressed the concept of progressive discipline in light of Attorney Hudec's lengthy history of disciplinary offenses. The OLR confirmed that it had factored progressive discipline into its recommended sanction, citing a number of cases in which an attorney with prior discipline was suspended for 60 days for misconduct that amounted to commingling of funds and prohibited trust account transactions. See, e.g., In re Disciplinary Proceedings Against Runyon, 2015 WI 95, 365 Wis. 2d 32, 870 N.W.2d 228; and In re Disciplinary Proceedings Against Grogan, 2011 WI 7, 331 Wis. 2d 341, 795 N.W.2d 745.

¶15 The referee was particularly troubled by Attorney Hudec's persistent failure to cooperate, both during the OLR's investigation and during the proceedings before the referee. The referee observed:

> It is safe to conclude that the respondent knowingly and deliberately delays and drags his feet before giving proper attention to disciplinary matters. A prior 60-day license suspension, three prior private reprimands, and two prior public reprimands apparently have not convinced the respondent of the need to fully and timely cooperate in OLR investigations and disciplinary matters.

However, the referee noted that there was no evidence that any of Attorney Hudec's misconduct resulted in misappropriation or conversion of client funds; rather, Attorney Hudec's misconduct amounted to bookkeeping or accounting deficiencies.

¶16 On balance, informed by Wisconsin caselaw, supplemental briefing provided by the OLR, and the ABA Standards for Imposing Lawyer Sanctions, the referee accepted the proposed sanctions and recommends this court suspend Attorney Hudec's law license for a period of 60 days and require him to attend the OLR's trust account management seminar within one year of the date of this order. The referee also recommends we impose the full costs of this proceeding on Attorney Hudec.

¶17 Considering all of the above, we accept the referee's findings of fact and conclusions of law as derived from the stipulation, and we agree with the recommended sanctions and the imposition of costs. We share the referee's concern about Attorney Hudec's troubling propensity for delay and lack of cooperation in

disciplinary matters and warn Attorney Hudec that his failure to comply with the conditions imposed upon his continued practice of law may subject Attorney Hudec to immediate license suspension.[8]

¶18 IT IS ORDERED that the license of Patrick J. Hudec to practice law in Wisconsin is suspended for a period of 60 days, effective May 28, 2020

¶19 IT IS FURTHER ORDERED that if he has not already done so, Patrick J. Hudec shall comply with the provisions of SCR 22.26 regarding the duties of a person whose license to practice law in Wisconsin has been suspended.

¶20 IT IS FURTHER ORDERED that, as a condition of his license to practice law in Wisconsin, Patrick J. Hudec shall attend and successfully complete an Office of Lawyer Regulation trust account seminar within one year of the date of this order.

¶21 IT IS FURTHER ORDERED that if Patrick J. Hudec fails to timely complete the requirement that he attend an Office of Lawyer Regulation trust account seminar, the Office of Lawyer Regulation is directed to inform this court promptly and Patrick J. Hudec's law license may be subject to immediate suspension.

¶22 IT IS FURTHER ORDERED that within 60 days of the date of this order, Patrick J. Hudec shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $3,991.10 as of January 29, 2020.

---

[8] Attending the trust account management seminar within a year is not a prerequisite to Attorney Hudec's reinstatement from the suspension we impose today.

11

1